# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Carmella Charrington,

               Plaintiff,

                              Case No. 1:22-cv-4737-MLB

v.

Judge Kenya Johnson, et al.,

               Defendants.

_____/

## ORDER

Plaintiff Carmella Charrington filed an application for leave to proceed in forma pauperis (IFP) along with a complaint.  (Dkt. 1.) Magistrate Judge J. Clay Fuller granted Plaintiff IFP status and directed the Clerk to submit the matter to this Court for a frivolity determination under 28 U.S.C. § 1915(e)(2).  (Dkt. 2.)

### I.     Background

As best the Court can tell, Plaintiff claims her sister has a conservatorship over their father and is depriving him of his rights. (Dkt. 3 at 5.)  She asks the Court to remove her sister as conservator and instead name her as her father's guardian.  (*Id.*)  She also seeks $5 million

in damages for "suffering" she endured from "being away" (presumably from her father).  (*Id.*)

## II.   Discussion

A federal court must dismiss an action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A court may dismiss a complaint for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  A frivolity review also grants a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also . . . claims whose factual contentions are clearly baseless."  *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. A finding of legal frivolousness is when the plaintiff asserts "a claim based on an indisputably meritless legal theory . . . [such as when] it is clear that the defendants are immune from suit." *Neitzke*, 490 U.S. at 327.

The Court recognizes Plaintiff is appearing pro se and so affords her complaint greater leniency. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro se* action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam))). But this leniency neither excuses a party from complying with threshold requirements of the Federal Rules of Civil Procedure nor "permit[s] the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam).

The Court lacks jurisdiction to provide Plaintiff the relief she seeks. As to her request the Court amend her father's conservatorship, the Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the

3

United States Supreme Court].” *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996). So, the Court does not have jurisdiction to hear that claim. *See Price v. Alabama*, 2008 WL 5401672, at *1 (M.D. Ala. Dec. 24, 2008) (federal district court lacked jurisdiction to review state court order denying petition for termination of conservatorship). As to her claim for money damages, immunity questions aside, Plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). It is not clear what exactly she alleges Defendants have done, aside from Plaintiff's claim that her sister is acting inappropriately as her father's conservator. But Plaintiff does not allege any facts showing how her sister has caused her suffering, kept her away from her father, or otherwise violated any law. She does not even mention the conduct of any of the other Defendants. Plaintiff's claim for damages fails.

## III. Conclusion

The Court **DISMISSES** Plaintiff's Complaint (Dkt. 3).[1]

---

[1] If the complaint were only frivolous because of a failure to state a claim, the Court would give Plaintiff an opportunity to amend. But because the complaint does not come close to demonstrating subject matter jurisdiction, the Court dismisses the case without prejudice.

5

**SO ORDERED** this 29th day of September, 2023.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

5